# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYE GLENN CHAMP, JR., <br><br> Plaintiff, <br><br> v. <br><br> SECRETARY OF CORRECTIONS, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-00336-CDB (PC) <br><br> ORDER TO PAY FILING FEE IN FULL, SUBMIT APPLICATION TO PROCEED *IN FORMA PAUPERIS*, OR VOLUNTARILY DISMISS THIS ACTION <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff Tye Glenn Champ, Jr., is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff has not paid the $402.00 filing fee or submitted an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.

On February 27, 2023,[1] Plaintiff filed this case in the Northern District of California. (Doc. 1.) Plaintiff requested the Clerk of Court to send him an application to proceed IFP. (Doc. 2.) On the same day, the Clerk sent Plaintiff the requested application, accompanied by a cover sheet with the following advisement:

---

[1] The complaint was received by the Clerk of Court and docketed on March 3, 3023. (Doc. 1.) Pursuant to the mailbox rule, a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions).

**WARNING: You Must Respond to this Notice.** If you do not respond within 28 DAYS from the filing date stamped above, your action will be DISMISSED, the file close and the fee will become due immediately. Filing a Prisoner's Application and Declaration to Proceed *In Forma Pauperis* will allow the court to determine whether installment payment of the filing fee should be allowed.

(Doc. 3 at 1 (alteration in original).) Therefore, Plaintiff's response is due on March 31, 2023. His options are to pay the $402.00 filing fee ($350.00 filing fee plus $52.00 administrative fee) in full or complete and file the IFP application. Importantly, the Clerk informed Plaintiff: "Even if you are granted leave to proceed in forma pauperis, you must still pay the $350 filing fee (not the $52 administrative fee), but the filing fee will be taken out of your prisoner account in installments." (*Id.*)

In other words, if Plaintiff wishes to proceed with this action, Plaintiff may either pay the $402.00 filing fee or, with the Court's permission to proceed IFP, pay the $350.00 statutory filing fee through an initial partial filing fee and monthly payments deducted from Plaintiff's trust account. 28 U.S.C. § 1915(b). Even if Plaintiff pays the filing fee or a partial fee, the Court must dismiss this case if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2); 28 U.S.C. § 1915A(b).

The Court has not yet screened the complaint in accordance with 28 U.S.C. § 1915A(a) because Plaintiff must first pay the filing fee or receive permission to proceed IFP. However, the Court has conducted a preliminary review of the complaint. To summarize, Plaintiff sues the Secretary of Corrections and the Board of Parole Hearing ("BPH") for their "arbitrary, capricious, and deliberate indifference" to the deprivation of his fundamental, constitutional rights. (Doc. 1.)

Plaintiff alleges that, on February 28, 2019, the California Department of Corrections and Rehabilitation ("CDCR"), the Warden of Avenal State Prison,[2] and the Secretary of Corrections unlawfully prevented Plaintiff's appearance before the BPH under Proposition 57 ("Prop 57").[3]

---

[2] CDCR and the Warden of Avenal State Prison are not named defendants.

[3] In November 2016, California voters passed Proposition 27, the Public Safety and Rehabilitation

Plaintiff alleges, "That permitted an unlawful indefinite detention of this Appellant. Resulting in the continued deprivation of my fundamental rights." (*Id.*) Plaintiff asserts violations of the Cruel and Unusual Clause of the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and a First Amendment Right to "pursue his freedom." (Doc. 1 at 4.) Plaintiff alleges these deprivations have caused him to suffer excessive sleep deprivation, depression, anxiety, and difficulty exercising emotional control; impairments to his cognitive, physical, and psychiatric function; and an adverse impact on his ability to maintain and control his life. (*Id.*) As relief, Plaintiff seeks declaratory relief, compensatory damages, and punitive damages. (*Id.*)

The Court has <u>not</u> conducted a careful analysis of Plaintiff's allegations and applied the appropriate legal standards to his claims. Upon cursory review, however, the allegations do not appear to support viable constitutional claims against Defendants under section 1983. This does not reflect a finding or ruling by the Court. Rather, Plaintiff is urged to consider the strength of his claims and the risk of losing all or part of the filing fee required if the complaint does not survive screening.

Accordingly, it is ORDERED:

1. **<u>Within thirty (30) days</u>** from the date of service of this Order, Plaintiff shall perform one of the following:
    a. prepay the $402.00 filing fee in full;
    b. submit the attached application to proceed *in forma pauperis*, completed and signed; OR
    c. file a notice of voluntary dismissal.
2. Plaintiff' failure to comply with this Order will result in a recommendation for dismissal of the action without further notice.

---

Act of 2016. Under this act, nonviolent prisoners can earn credits by participating in rehabilitative programs and activities, and through sustained good behavior. Prop 57 also established parole process for nonviolent offenders "who demonstrate their release would not pose an unreasonable risk of violence to the community may be eligible for release upon serving the full term of their primary offense when an alternative sentence has been imposed." CDCR, Proposition 57, https://www.cdcr.ca.gov/proposition57/ (last visited Mar. 9, 2023).

3. **No requests for extensions of time will be granted absent timely filing establishing good cause.**

4. The Clerk of Court is directed to provide Plaintiff with a civil rights complaint form.

IT IS SO ORDERED.

Dated:   **March 9, 2023**                                    _____
                                                                              UNITED STATES MAGISTRATE JUDGE