1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   TYE G. CHAMP, JR., | Case No. 1:23-cv-0336-ADA-CDB (PC) |
| 12                     Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| 13             v. | |
| 14   SECRETARY OF CDCR, *et al.*, | (Doc. 14) |
| 15                     Defendants. | |
| 16 | **FOURTEEN (14) DAY DEADLINE** |

17          Plaintiff Tye G. Champ, Jr., is a state prisoner proceeding pro se and *in forma pauperis*

18   in this civil rights action filed under 42 U.S.C. § 1983. Following the Court's screening of

19   Plaintiff's original complaint, on June 23, 2023, Plaintiff filed a first amended complaint

20   alleging Defendants denied him a parole hearing in violation of Proposition 57. (Doc. 14.) Upon

21   screening the first amended complaint ("FAC"), the Court finds the pleading fails to state a

22   claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. §§

23   1915(e)(2)(B)(i)–(ii) and 28 § 1915A(b)(1). The Court further finds the deficiencies in the FAC

24   cannot be cured by amendment and therefore recommends dismissal of this action.

25   **I.       SCREENING REQUIREMENT**

26          The Court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

28   The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are

frivolous or malicious, fail to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) (citing *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006)).

## II.    PLEADING REQUIREMENT

### A.    Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Id.* at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plausibility does not require probability, but it requires more than the "sheer possibility" of a defendant's liability. *Id.* (quoting *Twombly*, 550 U.S. at 556). A claim is plausible when the facts pleaded allow the court to make reasonable inferences that the defendant is liable for wrongful conduct. *Id.* (quoting *Twombly*, 550 U.S. at 556). However, courts "are not required to indulge unwarranted inferences." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). The mere possibility of misconduct and facts

2

1   merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678;

2   *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Vague and conclusory allegations

3   of official misconduct are insufficient to withstand a motion to dismiss. *Ivey v. Bd. of Regents of*

4   *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

5          Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely

6   clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

7   2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *see Cervantes v.*

8   *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend

9   should be given freely, a district court may dismiss without leave where a plaintiff's proposed

10  amendments would fail to cure the pleading deficiencies and amendment would be futile.").

11         **B.      Linkage and Causation**

12         Section 1983 provides a cause of action for the violation of constitutional or other federal

13  rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. Section 1983 "is not

14  itself a source of substantive rights, but a method for vindicating federal rights elsewhere

15  conferred." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Baker v. McCollan*,

16  443 U.S. 137, 144 n.3 (1979)).

17         To state a claim under section 1983, a plaintiff must show a causal connection or link

18  between the actions of the defendants and the deprivation alleged to have been suffered by the

19  plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that a

20  government actor may be liable under section 1983, if he performs an affirmative act, participates

21  in another's affirmative acts, or fails to perform an act which he is legally required to do that

22  causes the prisoner to suffer a deprivation of rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.

23  1978) (citing *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976)). In addition to direct participation, a

24  government actor may be liable for "setting in motion a series of acts by others which the actor

25  knows or reasonably should know would cause others to inflict the constitutional injury."

26  *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

27  *Johnson*, 588 F.2d at 743).

28  ///

3

1    **III.    DISCUSSION**

2          **A.      Plaintiff's Allegations[1] and Claims**

3          In November 2016, California voters passed Proposition 57, which amended the

4    California Constitution to add section 32, the Public Safety and Rehabilitation Act of 2016.[2]

5    *Jones v. Allison*, 9 F.4th 1136, 1138 (9th Cir. 2021). This act provides in pertinent part: "Parole

6    Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison

7    shall be eligible for parole consideration after completing the full term for his or her primary

8    offense." Cal. Const. art. 1, § 32. Section 32 provides eligible inmates an early parole

9    consideration hearing but not actual parole or early release. *Barnes v. Supreme Ct. Judges*, No.

10   2:21-cv-01649 JAM GGH P, 2021 WL 5240255, at *1 (E.D. Cal. Oct. 21, 2021), *F.&R. adopted*,

11   2021 WL 5999673 (E.D. Cal. Dec. 20, 2021). Proposition 57 does not require or provide any

12   mechanism for state law prisoners to be resentenced by the courts in which they were convicted.

13   *Travers v. California*, 2018 WL 707546, at *3 (N.D. Cal. Feb. 5, 2018).

14          Plaintiff is incarcerated at Avenal State Prison. Plaintiff is currently serving an

15   indeterminate term of 25 years to life pursuant to California's three strikes law for a 2015

16   conviction for possession of a firearm by a felon, a nonviolent crime. (Doc. 14 at 10, 14.) In

17   1998, Plaintiff was convicted of voluntary manslaughter and sentenced to six years of

18   imprisonment.[3] (*Id.* at 21.) In 1993, Plaintiff was convicted of assault with attempt to rape, for

19   which he was required to register as a sex offender under Penal Code 290. (*Id.*) Plaintiff states

20   his current conviction is for a nonviolent felony, and he has committed the full term for his

21   primary offense. Therefore, Plaintiff contends he is eligible for parole consideration under Prop

22   57. (*Id.*)

23          Plaintiff asserts Defendants unlawfully denied him a "mandated" parole consideration

24   hearing as required by Proposition 57. (*Id.* at 10–11.) Specifically, Plaintiff alleges the Secretary

25   ───────────────

26          [1] The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

27          [2] Courts have used "Proposition 57" and "section 32" interchangeably.

28          [3] Plaintiff alleges in the complaint he was convicted of voluntary manslaughter in "Feb, 27, 2027." (*Id.* at 10.) However, the abstract of judgment from this offense indicates Plaintiff was convicted on October 16, 1998, and sentenced to six years. (*Id.* at 21.)

of CDCR is responsible for all prison operations and abused his authority by ignoring the will of the voters under Proposition 57 by denying him a parole eligibility hearing. Plaintiff further alleges the Secretary and Warden are responsible for enforcement of Proposition 57 and failed to use their authority to correct unconstitutional violations. (*Id.* at 4, 11.) The Board of Parole Hearing ("BPH") Commissioners "are solely responsible under [Cal. Code Reg. tit. 15 § 2000(b)(1010)"] for the responsibility of any hearing, release, [etc.], they had the power to change/correct the SECRETARY'S unla[w]ful use of power, in denying plaintiff his entitled right to a BPH. . . . Plaintiff went from eligible to ineligible for parole." (Doc. 14 at 11) (alteration in original).

Plaintiff asserts he has a liberty interest in parole, and Defendants "effectively denied plaintiff due process of law; when they purposefully, and with the opportunity to deliberate, denied plaintiff his mandated right to a [hearing before the] BPH." (*Id.*) As relief, Plaintiff seeks declaratory judgment and punitive damages. (*Id.* at 8.)

**B.      Proposition 57**

Proposition 57 amended the California Constitution to add section 32, the Public Safety and Rehabilitation Act of 2016, which provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
> (1) Parole Consideration: Any person convicted of a *nonviolent* felony offense and sentenced to state prison shall be eligible for *parole consideration* after completing the full term for his or her primary offense.

Cal. Const. art. 1, § 32 (emphasis added). Section 32(b) directs the California Department of Corrections and Rehabilitation ("CDCR") to "adopt regulations in furtherance of these provisions." Cal. Const. art I, § 32(b)).

Section 32 went into effect in 2017, and CDCR adopted emergency regulations defining a nonviolent offender as an inmate "who is *not* (1) condemned, incarcerated for a term of life without the possibility of parole, or incarcerated for a term of life with the possibility of parole; (2) serving a term of incarceration for a violent felony within the meaning of Penal Code section 667.5, subdivision (c); or (3) '[c]onvicted of a sexual offense that requires registration as a sex

offender under Penal Code section 290." *All. for Const. Sex Offense Laws v. Dep't of Corr. &*
*Rehab.*, 45 Cal. App. 5th 225, 229 (Cal. Ct. App. Feb. 13, 2020) (alteration in original). The
2017 regulations' definition of "nonviolent offender" excluded all inmates serving indeterminate
sentences, and thus excluded third-strike offenders from parole consideration under section 32,
regardless of whether their third-strike felony was categorized as "serious" or "violent." *Jones v.*
*Diaz*, 2020 WL 10816217, at *2 (N.D. Cal. Mar. 30, 2020), *aff'd sub nom. Jones v. Allison*, 9
F.4th 1136 (9th Cir. 2021).

In May 2018, CDCR issued final regulations updating the definition of "nonviolent
offender" as "*any* inmate who is *not*: (1) condemned to death; (2) currently incarcerated for a
term of life without the possibility of parole; (3) currently serving a term of incarceration for a
'violent felony' as denied by Penal Code 667.5, subdivision (c); (4) currently serving a term of
incarceration for a nonviolent felony offense after completing a concurrent determinate term for
a 'violent felony. '" *Alliance*, 45 Cal. App. 5th at 230 (alteration in original). The 2018
regulations, like the 2017 regulations, excluded all three-strike offenders from parole
consideration, including those whose third-strike felony was nonviolent. *Jones*, 2020 WL
10816217, at *2. The final regulation specifically excluded inmates "convicted of a sexual
offense that currently requires or will require registration as a sex offender under the Sex
Offender Registration Act, codified in sections 290 through 290.024 of the Penal Code." Cal.
Code Regs. tit. 15, § 3491(a) & (b)(3). The CDCR's rationale behind the regulations was that,
although registrable sex offenses were no longer part of the definition of "nonviolent offender,"
considerations of "[p]ublic safety requires that sex offenders be excluded from nonviolent parole
consideration." *Id.*

In September 2018, the California Second District Court of Appeal struck down the 2018
regulations, concluding they were inconsistent with the text and intent of section 32(a) for early
parole eligibility consideration for nonviolent prisoners. *In re Edwards*, 26 Cal. App. 5th 1186
(Cal. Ct. App. Sept. 7, 2018). The *Edwards* court determined that "CDCR's adopted regulations
impermissibly circumscribe eligibility for Proposition 57 parole by barring relief for [the
plaintiff] and other similarly situated inmates serving Three Strikes sentences for nonviolent

1    offenses." *Id.* at 1192. The Court of Appeal ordered CDCR to treat as void and repeal offending

2    portions of section 3491(b). *Id.*

3         In response to the *Edwards* decision, in January 2019, CDCR amended the regulations to

4    include, for early parole consideration, state prisoners serving indeterminate sentences for

5    nonviolent third-strike offenses. *See Jones*, 9 F.4th at 1138 (citing Cal. Code Regs. tit. 15, §

6    2449.30 (2019)). Subsection 2449.30(a) provides a list of offenses specifically excluded from

7    eligibility. Subsection 2449(b) provides: "Notwithstanding subsection (a), an 'indeterminately-

8    sentenced nonviolent offender' includes an inmate who has completed a determinate term of

9    incarceration for a 'violent felony' and is currently serving an indeterminate term for an in-prison

10   offense that is not a 'violent felony.'" Cal. Code Regs. tit. 15, § 2449.30(b).[4]

11        In 2020, the California Supreme Court considered whether CDCR could, consistent with

12   section 32, exclude from early parole consideration registerable sex offenders who were

13   convicted of nonviolent sex offenses. *In re Gadlin*, 10 Cal. 5th 915, 924 (2020). The court held

14   that (1) "nonviolent offender parole eligibility must be based on an inmate's current conviction"

15   and (2) "an inmate may not be excluded from nonviolent offender parole consideration based on

16   a current conviction for a registrable felony offense that the Department's regulations have

17   defined as nonviolent." *Id.* at 943. The Court directed CDCR to "void and repeal" Cal. Code

18   Regs. § 3491(b). *Id.*

19        In this case, Plaintiff has alleged he is a nonviolent offender serving an indeterminate

20   term based on his current conviction for possessing a firearm as a felon, and he has completed

21   the determinate term for his primary conviction, which was the violent crime of assault with

22   intent to commit rape. Therefore, Plaintiff has sufficiently alleged eligibility for early parole

23   consideration under section 32.

24        **C.    Due Process**

25        The Fourteenth Amendment protects persons from deprivations of life, liberty, or property

26   without due process of law. U.S. Const. amend. XIV. Protected liberty interests may arise both

27   ───────────────────

28        [4] Plaintiff's prior offenses, voluntary manslaughter and assault with intent to commit rape, are
     "violent felonies" as defined by section 667.5(c)(1), (15) of the California Penal Code.

from the Constitution or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). "A state may create a liberty interest through statutes, prison regulations, and policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted). When a protected liberty interest is implicated, the Due Process Clause protects individuals from the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The amount of process or specific procedures required vary by context and the particular interest at stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The Due Process Clause does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). When a state enacts a statutory scheme allowing parole, however, the state creates a liberty interest and "the Due Process Clause requires fair procedures for its vindication." *Id.* The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. *Sandin v. Connor*, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The Supreme Court has characterized as "reasonable" the Ninth Circuit's finding that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause. *See Bisel v. Kernan*, No. 1:18-cv-00090-DAD-JLT (PC), 2018 WL 11294697, at *9 (E.D. Cal. Aug. 17, 2018) (citing *Swarthout*, 562 U.S. at 222); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979)).[5] Under Proposition 57, the liberty interest at

---

[5] In a number of cases asserting claims based on Proposition 57, federal courts have found that the prisoner-plaintiffs failed to allege a cognizable claim under section 1983 because the crux of their complaints concerned an alleged violation of state law. *Williams v. Cal. Dep't of Corr.*, No. 1:19-cv-00250-LJO-GSA PC, 2019 WL 6918206, at *5 (E.D. Cal. Dec. 19, 2019) (citing *Ramos v. Spearman*, 2019 WL 4571943, at *2 (E.D. Cal. Sept. 20, 2019)); *Herrera v. Cal. State Superior Cts.*, No. 1:17-cv-00386-AWI-BAM, 2018 WL 400320 (E.D. Cal. Jan. 12, 2018); *Daniels v. CDCR*, Case No. 1:17-cv-01510-AWI-BAM, 2018 WL 489155 (E.D. Cal. Jan. 19, 2018); *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). "The violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983." *Herrera*, 2018 WL 400320, at *4. However, the decisions in those cases did not acknowledge that a state created liberty interest in parole under California law has been recognized. *See Bisel*, 2018 WL 11294697, at *9.

issue is receiving parole consideration when the standards for parole have been met, and prisoners are entitled to minimal procedures adequate to protect that interest. *See Swarthout*, 562 U.S. at 220. However, the procedures required for parole hearings under the Due Process Clause are merely an opportunity to be heard and a statement of the reasons for any denial. *Id.* (citing *Greenholtz*, 442 U.S. at 12); *Miller v. Or. Bd. of Parole & Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision . . . ."). Proposition 57 provides eligible inmates for early *consideration* for parole *but not* actual parole or early release.

> Thus, if properly linked to named defendants, factual allegations showing that one was convicted of non-violent felonies, that the full term for the primary offense(s) (exclusive of enhancement, consecutive sentences, or alternative sentencing) have run, and that he has not received parole consideration as dictated by Proposition 57 despite repeated requests may state a cognizable due process claim.

*Bisel*, 2018 WL 11294697, at *10. Having determined that Plaintiff is eligible for early parole consideration under section 32, the Court must determine whether Plaintiff received a hearing a statement of reasons for the parole board's decision. Plaintiff alleges that he did not have the opportunity to appear and be heard by the BPH, and he did not receive notice of the BPR's decision as required by Proposition 57. (Doc. 14 at 7.)

The Court has reviewed the BPH's past and future actions taken on Plaintiff's requests for parole.[6] These records are not attached to the complaint. However, the Court takes judicial notice of this document, as its authenticity is not questioned. *See Valles v. Cal. Dep't of Cor. and Rehab.*, No. 2:20-cv-1905 AC P, 2021 WL 2292616, at *2 n.2 (E.D. Cal. June 4, 2021) (taking judicial notice of plaintiff's parole review information available through CDCR's inmate information page) (citing Fed. R. Evid. 201; *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.")).  The record of Plaintiff's parole activity indicates he had parole suitability

---

[6] CDCR Inmate Bd. Actions, https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=AY9500 (last visited Aug. 9, 2023).

1   hearings on January 5, 2021; June 15, 2022; and July 21, 2023. The hearings in 2021 and 2022

2   occurred before Plaintiff filed this action on March 3, 2023.[7] (*See* Doc. 1.) Plaintiff did not

3   disclose these parole hearings in either the original complaint or the FAC. Additionally, Plaintiff

4   is scheduled for a parole eligibility hearing in December 2026. Contrary to his allegations,

5   Plaintiff's inmate record indicates that he did and continues to receive parole eligibility hearings.

6   Thus, it is plain Plaintiff has received the "minimal procedures" necessary to adequately protect

7   his liberty interest in receiving parole consideration. *See Swarthout*, 562 U.S. at 220.  Therefore,

8   Plaintiff's due process claim is moot, and this Court is without jurisdiction to entertain this action

9   further.  *E.g.*, *Johnson v. Cal. Dep't of Cor. and Rehab.*, No. 1:20-cv-00119-GSA-PC, 2021 WL

10  5040361, at *5 (E.D. Cal. Oct. 29, 2021) (dismissing complaint as moot because "[t]here is no

11  reasonable expectation that the CDCR will defy the California Supreme Court and continue to

12  apply the voided and repealed regulations") (citing cases); *Rodriguez v. Anderson*, 2021 WL

13  2343346, at *6-7 (C.D. Cal. Mar. 31, 2021) (same).

14         Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely

15  clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

16  2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *see Cervantes v.

17  Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend

18  should be given freely, a district court may dismiss without leave where a plaintiff's proposed

19  amendments would fail to cure the pleading deficiencies and amendment would be futile.").

20         The Court finds that the deficiencies outlined above are not capable of being cured by

21  amendment, and therefore further leave to amend is futile and should not be granted. 28 U.S.C. §

22  1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, this action

23  should be dismissed with prejudice.

24  / / /

25  / / /

26

27

28
   ---
   [7] On August 24, 2020, "[a] court ordered the board to conduct a new parole suitability hearing."
   This indicates that there was a prior parole suitability hearing." *Id.*

**IV.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED:

1.      The Court dismiss this case without leave to amend for failure to state a claim; and

2.      The Clerk of Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 9, 2023**                    _____

UNITED STATES MAGISTRATE JUDGE